UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| JESSIE WEST, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>DRILLING FLUID SOLUTIONS, L.L.C. d/b/a DRILLING FS, L.L.C.<br><br>*Defendant*. | No. 7:19-cv-00235 |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Jessie West (referred to as "Plaintiff" or "West") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Drilling Fluid Solutions, L.L.C. d/b/a Drilling FS, L.L.C. (referred to as "Defendant" or "Drilling Fluid Solutions"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. West's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian

goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Drilling Fluid Solutions violated the FLSA by employing West and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Drilling Fluid Solutions violated the FLSA by failing to maintain accurate time and pay records for West and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. West brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendant resides in the Midland Division of the Western District of Texas and/or a substantial part of the events or omissions giving rise to West's claims occurred in the Midland Division of the Western District of Texas.

### III.  Parties

8.      West is an individual who resides in Merced County, California and who was employed by Drilling Fluid Solutions during the last three years.

9.      Drilling Fluid Solutions, L.L.C. is a Louisiana limited liability company that may be served with process by serving its registered agent: C T Corporation System, at 1999 Bryan St., Ste 900, Dallas, Texas 75201. Alternatively, if the registered agent of Drilling Fluid Solutions, L.L.C. cannot with reasonable diligence be found at the company's registered office, Drilling Fluid Solutions, L.L.C. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10.     Whenever it is alleged that Drilling Fluid Solutions, L.L.C. committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Drilling Fluid Solutions, L.L.C. or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

11.     Drilling Fluid Solutions is an oilfield services company specializing in drilling fluid services for oil and gas drilling operations; it does business in the territorial jurisdiction of this Court.

12. Drilling Fluid Solutions first employed West as a sit hand from June 2018 to March 2019. In March 2019, he was employed with Drilling Fluid Solutions as a Field Supervisor and continued in that position until September 2019.

13. West's primary duties were nonexempt.

14. As a Field Supervisor, West's principal duties were to complete hotshot runs, dropping off equipment and parts at multiples drilling rigs per day, repairing equipment and machines on the drilling rigs and assisting with setting up drilling rigs.

15. West's primary duties did not include office or nonmanual work.

16. West's primary duties were not related to the management or general business operations of Drilling Fluid Solutions or its customers.

17. West's duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

18. However, as a Field Supervisor, West was paid on a salary basis.

19. West did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

20. West did not have the discretion or authority to make any decisions with respect to matters of significance.

21. Instead, West was required to follow the policies, practices and procedures set by Drilling Fluid Solutions.

22. West did not have any independent authority to deviate from these policies, practices, and procedures.

23. During West's employment with Drilling Fluid Solutions, he was engaged in commerce or the production of goods for commerce.

24. During West's employment with Drilling Fluid Solutions, the company had employees engaged in commerce or in the production of goods for commerce.

25. During West's employment with Drilling Fluid Solutions, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

26. During West's employment with Drilling Fluid Solutions, the company had an annual gross volume of sales made or business done of at least $500,000.

27. During West's employment with Drilling Fluid Solutions, he regularly worked in excess of forty hours per week.

28. Drilling Fluid Solutions knew or reasonably should have known that West worked in excess of forty hours per week.

29. Drilling Fluid Solutions did not pay West overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

30. Instead, Drilling Fluid Solutions paid West a fixed sum of money regardless of the number of hours he worked in a workweek.

31. In other words, Drilling Fluid Solutions paid West overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

32. Drilling Fluid Solutions knew or reasonably should have known that West was not exempt from the overtime provisions of the FLSA.

33. Drilling Fluid Solutions failed to maintain accurate time and pay records for West as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

34. Drilling Fluid Solutions knew or showed a reckless disregard for whether its pay practices violated the FLSA.

35. Drilling Fluid Solutions is liable to West for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

36. All Field Supervisors employed by Drilling Fluid Solutions are similarly situated to West because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Drilling Fluid Solutions pursuant to 29 U.S.C. § 216(b).

**V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

37. West adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

38. During West's employment with Drilling Fluid Solutions, he was a nonexempt employee.

39. As a nonexempt employee, Drilling Fluid Solutions was legally obligated to pay West "at a rate not less than one and one-half times the regular rate at which he

[was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

40. Drilling Fluid Solutions did not pay West overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

41. Instead, Drilling Fluid Solutions paid West a fixed sum of money regardless of the number of hours he worked in a workweek.

42. In other words, Drilling Fluid Solutions paid West overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

43. If Drilling Fluid Solutions classified West as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

44. Drilling Fluid Solutions knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Drilling Fluid Solutions willfully violated the overtime requirements of the FLSA.

### VI. Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

45. West adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

46.     The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

47.     In addition to the pay violations of the FLSA described above, Drilling Fluid Solutions also failed to keep proper time and pay records as required by the FLSA.

### VII.  Count Three—Collective Action Allegations

48.     West adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

49.     On information and belief, other employees have been victimized by Drilling Fluid Solutions' violations of the FLSA identified above.

50.     These employees are similarly situated to West because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

51.     Drilling Fluid Solutions' policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

52.     Since, on information and belief, West's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

53.     All employees of Drilling Fluid Solutions, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which

they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All Field Supervisors paid a salary employed by Drilling Fluid Solutions during the last three years.

54. Drilling Fluid Solutions is liable to West and the other Field Supervisors for the difference between what it actually paid them and what it was legally obligated to pay them.

55. Because Drilling Fluid Solutions knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes West and the other Field Supervisors their unpaid overtime wages for at least the last three years.

56. Drilling Fluid Solutions is liable to West and the other Field Supervisors in an amount equal to their unpaid overtime wages as liquidated damages.

57. Drilling Fluid Solutions is liable to West and the other Field Supervisors for their reasonable attorneys' fees and costs.

58. West has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Prayer

59. West prays for the following relief:

a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

b. judgment awarding West and the other Field Supervisors all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

c. prejudgment interest at the applicable rate;

d. incentive awards for any class representative(s); and

e. all such other and further relief to which West and the other Field Supervisors may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: *Melissa Moore*
Melissa Moore
State Bar No. 24013189
Curt Hesse
State Bar No. 24065414
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**